AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ALEXANDER RIJO CALDERON,<br>IRDI REYNARDO MOTA RODRIGUEZ, and<br>ANTONIO PEGUERO<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)      8:21MJ1117AAS<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 2021__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Affidavit attached.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

ANTHONY G. REYNOLDS, SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __February 5, 2021__

_____
*Judge's signature*

City and state: __Tampa, FL__        AMANDA A. SANSONE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Anthony G. Reynolds, being duly sworn, deposes and states the following:

1. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2008. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program and numerous other training programs related to criminal investigations. I have been assigned as a Special Agent to the Operation Panama Express Strike Force since July 2020. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. I have been employed by the United States Coast Guard ("USCG") for over 25 years. Prior to becoming a Special Agent with CGIS, I was a qualified USCG Boarding Officer for

approximately 11 years assigned to various USCG law enforcement units. During these tours of duty, I conducted hundreds of maritime law enforcement boardings, including boardings of vessels suspected of maritime smuggling. As a Special Agent with CGIS, I have participated in numerous criminal investigations of individuals suspected of violating federal statutes and regulations.

## Statutory Authority

3. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    a. Juan Alexander **RIJO CALDERON**,

    b. Irdi Reynardo **MOTA RODRIGUEZ**; and

    c. Jose Antonio **PEGUERO**,

all of whom are Dominican Republic nationals, who knowingly and willfully conspired to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § Section 960(b)(1)(B)(ii).

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing

probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

**Probable Cause**

6. On or about February 2, 2021, while on routine patrol in the Caribbean Sea, the United States Coast Guard Cutter ("USCGC") MOHAWK located a go-fast vessel ("GFV") transiting northbound at approximately 15 knots, approximately 108 nautical miles south of Isla Beata, Dominican Republic, in international waters. The USCGC MOHAWK and USCGC THETIS was diverted to investigate the GFV.

7. A helicopter from THETIS was launched, employed warning shots, which were ineffective, and later used disabling fire. The MOHAWK boarding team arrived on scene, and the crew noted that the GFV displayed no indicia of nationality. The crew from the MOHAWK observed the GFV was rapidly taking on water, and embarked the three individuals from the GFV onto the USCG vessel for safety. Once the three individuals were safely removed, the GFV partially submerged. As the GFV submerged, the boarding team observed numerous packages and large bales float to the surface. The crew recovered the bales, and conducted two narcotics identification tests on one of the bales, which were both positive for cocaine.

3

8. None of the individuals on board claimed to be the person in charge, and none claimed nationality for the vessel, after being requested to do so by an officer authorized to enforce provisions of United States law. The three individuals found on board were identified as **Juan Alexander RIJO CALDERON**, **Irdi Reynardo MOTA RODRIGUEZ,** and **Jose Antonio PEGUERO**, all of whom claimed Dominican Republic nationality for themselves.

9. Since no indicia of nationality was observed on the GFV and no claim of nationality was made for the vessel after a request was made, the GFV was treated as without nationality, and subject to the jurisdiction of the United States.

10. The boarding team conducted two narcotics identification tests on one of the bales recovered, and both tested positive for cocaine. Approximately seventeen bales were recovered. The total at-sea weight of the bales was approximately 554 kilograms.

## Conclusion

11.  Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that the three defendants knowingly and willfully conspired with each other and other persons to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

_____
Anthony G. Reynolds
Special Agent
Coast Guard Investigative Service

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this __5th__ day of February, 2021.

_____
AMANDA A. SANSONE
United States Magistrate Judge

5